UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FEDERAL ELECTION COMMISSION,<br>999 E Street, N.W.<br>Washington, DC  20463,<br><br>        Plaintiff,<br><br>        v.<br><br>CRAIG FOR U.S SENATE,<br>11950 W. Chinden Ridge Road<br>Boise, ID  83714,<br><br>KAYE L. O'RIORDAN, in her official<br>capacity as Treasurer of Craig for U.S. Senate,<br>c/o Craig for U.S. Senate<br>11950 W. Chinden Ridge Road<br>Boise, ID  83714,<br><br>        and<br><br>LARRY E. CRAIG,<br>11950 W. Chinden Ridge Road<br>Boise, ID  83714,<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **FILED**<br>JUN 1 1 2012<br>Clerk, U.S. District & Bankruptcy<br>Courts for the District of Columbia<br><br>No. _____<br><br>COMPLAINT FOR CIVIL PENALTY,<br>DECLARATORY, INJUNCTIVE, AND<br>OTHER APPROPRIATE RELIEF<br><br>Case: 1:12-cv-00958<br>Assigned To : Jackson, Amy Berman<br>Assign. Date : 6/11/2012<br>Description: General Civil |

### PLAINTIFF FEDERAL ELECTION COMMISSION'S COMPLAINT FOR CIVIL PENALTY, DECLARATORY, INJUNCTIVE, AND OTHER APPROPRIATE RELIEF

1.    In 2007 and 2008, defendants converted more than $200,000 of campaign

contributions given to Craig for U.S. Senate, the authorized campaign committee of then-United

States Senator Larry E. Craig, to the personal use of Mr. Craig.  Mr. Craig used these funds

converted from his campaign committee to pay legal expenses he incurred in connection with his

arrest, guilty plea, and subsequent efforts to withdraw his guilty plea in Minnesota.  These legal

costs were not made in connection with his campaign for federal office or for ordinary and

necessary expenses incurred in connection with his duties as a Senator.  The Commission seeks a declaration that this conversion of funds violated 2 U.S.C. § 439a(b), a permanent injunction against future similar violations, an order requiring Mr. Craig to repay the converted funds to Craig for U.S. Senate, and the assessment of appropriate civil penalties against defendants.

## JURISDICTION AND VENUE

2.      This action seeks declaratory, injunctive, and other appropriate relief pursuant to the express authority granted by Congress to the Federal Election Commission in the Federal Election Campaign Act of 1971, as amended ("Act" or "FECA"), codified at 2 U.S.C. §§ 431-57.

3.      This Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1345 as an action brought by an agency of the United States expressly authorized to sue by an act of Congress. 2 U.S.C. §§ 437d(a)(6), 437g(a)(6)(A).

4.      Venue is properly found in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(b) and 2 U.S.C. § 437g(a)(6)(A) because all of the defendants in this action are found, reside, or transact business within this district and a substantial part of the acts or omissions giving rise to this suit occurred in this district.

## THE PARTIES

5.      Plaintiff Federal Election Commission ("Commission" or "FEC") is the independent agency of the United States government with exclusive jurisdiction over the administration, interpretation and civil enforcement of the Act.  *See* 2 U.S.C. §§ 437c(b)(1), 437d(a), 437g.  The Commission is authorized to institute investigations of possible violations of the Act, 2 U.S.C. § 437g(a)(1) and (2), and to initiate civil actions in the United States district courts to obtain judicial enforcement of the Act.  2 U.S.C. §§ 437d(e), 437g(a)(6).

6.      From January 1991 to January 2009, defendant Larry E. Craig was a United

States Senator from Idaho.  In 2007, Mr. Craig was a candidate, within the meaning of

2 U.S.C. § 431(2), for the United States Senate in the 2008 election.  Mr. Craig is currently a

principal in New West Strategies LLC, which has its principal place of business in Washington,

D.C.

7.      Defendant Craig for U.S. Senate ("Craig Committee") was and is a political

committee within the meaning of 2 U.S.C. § 431(4).  Mr. Craig designated Craig for U.S. Senate

as his authorized principal campaign committee, within the meaning of 2 U.S.C. §§ 431(5)-(6),

for the 2008 election for United States Senator representing Idaho.  As such, Craig for

U.S. Senate was authorized to receive contributions and make expenditures on behalf of the

candidate, Mr. Craig.  2 U.S.C. §§ 432(e)(1),(2).

8.      Defendant Kaye L. O'Riordan was and is the Treasurer of Craig for U.S. Senate.

No expenditure by or on behalf of the Craig Committee could or can be made without the

authorization of the treasurer or her agent.  *See* 2 U.S.C. §§ 432(a), 433(b)(4).

## RELEVANT STATUTORY AND REGULATORY PROVISIONS

9.      Under FECA, contributions accepted by a candidate may lawfully be used by the

candidate, *inter alia,* (1) to finance authorized expenditures in connection with the candidate's

campaign for federal office and (2) to pay ordinary and necessary expenses incurred in

connection with duties of the individual as a holder of federal office.  2 U.S.C. §§ 439a(a)(1),(2).

10.     The Act specifically provides that contributions or donations described in

2 U.S.C.§ 439a(a) "shall not be converted by any person to personal use."  2 U.S.C.

§ 439a(b)(1).  For purposes of this prohibition, a contribution or donation "shall be considered to

be converted to personal use if the contribution or amount is used to fulfill any commitment,

3

obligation, or expense of a person that would exist irrespective of the candidate's election campaign or individual's duties as a holder of Federal office." 2 U.S.C. § 439a(b)(2).  The Act includes a short list of examples of conversion to personal use, including payments of home mortgages, rent, or utilities; clothing purchases; payments for vacation or other noncampaign-related trips; and tuition payments.  *Id.*

11.     Under the Commission's regulations, whether the use of campaign funds for the payment of legal expenses constitutes personal use is determined on a case-by-case basis. 11 C.F.R. § 113.1(g)(1)(ii)(A).  Expenses that a candidate can reasonably demonstrate resulted from the campaign or officeholder duties are not considered personal use.  *See* Final Rule and Explanation and Justification, Personal Use of Campaign Funds, 60 Fed. Reg. 7862, 7867 (Feb. 9, 1995).  However, legal fees and expenses "will not be treated as though they are campaign or officeholder related merely because the underlying proceedings have some impact on the campaign or officeholder's status."  *Id.* at 7868.  To illustrate this distinction, the Commission has explained that "legal expenses associated with a divorce or charge of driving under the influence of alcohol will be treated as personal, rather than campaign or office holder related."  *Id.*  In a series of advisory opinions, the Commission has determined that legal expenses and fees incurred for representation in legal proceedings regarding allegations that are not related to campaign activities or duties as a Federal officeholder constitute impermissible personal use of campaign funds.  *See, e.g.,* FEC Advisory Opinions 2009-10, 2006-35, 2005-11, 2003-17, 2000-40, 1997-27, and 1996-24.

## FACTUAL BACKGROUND

### Legal Proceedings in Minnesota

12.     On June 11, 2007, then-Senator Craig was arrested at the Minneapolis-St. Paul

International Airport while awaiting a scheduled flight to Washington, D.C.  Mr. Craig was charged with violating Minnesota criminal statute § 609.72, disturbing the peace-disorderly conduct, and § 609.746, interference with privacy.  On August 8, 2007, Mr. Craig pled guilty to a misdemeanor count of disorderly conduct.  Pursuant to a plea agreement, Mr. Craig received a sentence of ten days jail time and a $1,000 fine.  The jail time and one-half of the fine were suspended, conditioned upon one year of unsupervised probation.

13.     Mr. Craig retained the Washington, D.C., law firm of Sutherland, Asbill & Brennan ("Sutherland") to serve as lead counsel in an effort to withdraw his guilty plea, and the Minnesota firm of Kelly & Jacobson ("Kelly) to serve as local counsel for that effort.  Craig also hired the media relations firm Impact Strategies to handle press inquiries regarding the arrest, conviction, and the legal efforts to overturn his conviction.

14.     Mr. Craig filed a motion to withdraw the guilty plea in Minnesota state district court on September 10, 2007.  The state district court denied the motion on October 4, 2007.  Mr. Craig appealed the district court's decision to the Minnesota Court of Appeals, which rejected the appeal on December 9, 2008.  Mr. Craig did not appeal further.

15.     After the arrest and conviction were reported in the press, Mr. Craig announced on September 1, 2007, that he would resign from the U.S. Senate effective September 30, 2007.

16.     The U.S. Senate Select Committee on Ethics ("Senate Ethics Committee") conducted an inquiry into Mr. Craig's conduct in connection with his arrest, conviction, and subsequent conduct.

17.     On October 4, 2007, Mr. Craig announced that he would not resign from the Senate but instead stated, "I will continue my effort to clear my name in the Senate Ethics Committee — something that is not possible if I am not serving in the Senate."  Press Statement

of Senator Craig (Oct. 4, 2007).  Mr. Craig continued to serve as United States Senator from

Idaho until the conclusion of his term, and he retired from the Senate in January 2009.

**Craig Committee Disbursements for Legal Expenses**

18.    From July 9, 2007, through October 5, 2008, the Craig Committee disbursed more

than $480,000 for legal fees and other expenses.

19.    The Sutherland law firm received $284,610 from the Craig Committee during this

period.  Of this amount, the Sutherland law firm received at least $139,952 for providing legal

services to Mr. Craig in connection with his efforts to withdraw his guilty plea.  Defendants

caused the Craig Committee's disbursements to be received by Sutherland's office in

Washington, D.C.

20.    The Kelly law firm received approximately $77,032 from the Craig Committee

for providing legal services to Mr. Craig in connection with efforts to withdraw his guilty plea.

21.    Craig also retained counsel at the Brand Law Group in Washington, D.C., to

represent him before the Senate Ethics Committee inquiry.  The Brand Law Group received

approximately $101,015 from the Craig Committee in connection with that inquiry.

22.    In a letter to the Senate Ethics Committee, Craig's counsel represented that

Craig's arrest and conviction was "*purely personal conduct unrelated to the performance of*

*official Senate duties*."  Letter to the Honorable Barbara Boxer from Stanley M. Brand and

Andrew D. Herman (Sept. 5, 2007) (emphasis added).

23.    On February 13, 2008, the Senate Ethics Committee issued a "Public Letter of

Admonition" unanimously concluding that, among other matters, Mr. Craig had not complied

with Senate Rule 38.2, which requires Senate Ethics Committee approval of any payments for

"legal expenses" paid with funds of a principal campaign committee.  Specifically, the Ethics

Committee wrote:

> [T]he *Senate Ethics Manual* states that "Members, officers, or employees may
> pay legal expenses incurred in connection with their official duties with funds of a
> Senator's principal campaign committee, *but only if such payment is approved by
> the Committee."*  It appears that you have used over $213,000 in campaign funds
> to pay legal (and, apparently, "public relations") fees in connection with your
> appeal of your criminal conviction and in connection with the preliminary inquiry
> before the Committee in this matter.  It appears that some portion of these
> expenses may not be deemed to have been incurred in connection with our official
> duties, either by the Committee or by the Federal Election Commission (which
> has concurrent jurisdiction with the Committee on the issue of conversion of a
> Senator's campaign funds to personal use).  However, without reaching the issue
> of what portion of your legal expenses in this matter may be payable with funds
> of your principal campaign committee, it is clear that you never sought the
> Committee's approval, as required, to use campaign funds for these purposes.

*Public Letter of Admonition,* United States Senate (Feb. 13, 2008) (Select Committee on Ethics)

(emphasis added).

**FEC Administrative Proceedings**

24.     On November 10, 2008, the Commission received an administrative complaint

alleging that Mr. Craig had violated the Act by spending more than $213,000 in campaign funds

to pay legal fees and expenses incurred in connection with his arrest and conviction.

The complaint was designated by the Commission as Matter Under Review ("MUR") 6128 for

administrative purposes.  *See* 2 U.S.C. § 437g(a)(1).

25.     By letter dated November 18, 2008, the Commission notified defendants that the

complaint had been filed and provided defendants with a copy of the administrative complaint in

MUR 6128.  On December 2, 2008, the Commission received a response from Mr. Craig.

*See* 2 U.S.C. § 437g(a)(1).

26.     After reviewing the then available information, on May 19, 2009, the Commission

voted 5-0 (with one Commissioner recused) to find "reason to believe" that Craig for

U.S. Senate, Kaye L. O'Riordan (in her official capacity as treasurer of Craig for U.S. Senate), and Larry E. Craig had violated 2 U.S.C. § 439a(b).  *See* 2 U.S.C. §§ 437g(a)(1)-(2). Specifically, the Commission found reason to believe that the use of the Craig Committee's funds to pay for legal fees and expenses Craig incurred in connection with his attempt to withdraw his guilty plea constituted a conversion to personal use.  The Commission concluded, however, that the use of Craig Committee funds to pay the Brand Law Group to respond to the Senate Ethics Committee inquiry and to pay Impact Strategies, a public relations firm, to respond to press inquiries regarding Craig's arrest and misdemeanor conviction was a permissible use of campaign funds.

27.    The Commission notified defendants of its reason-to-believe determination by letter dated June 30, 2009.  Defendants responded by letter dated August 10, 2009.

28.    Following an investigation, the Commission's General Counsel notified defendants by letter dated April 8, 2011, that the General Counsel was prepared to recommend that the Commission find "probable cause" to believe that the defendants violated 2 U.S.C. § 439a(b).  *See* 2 U.S.C. § 437g(a)(3).  The General Counsel also provided defendants with a brief stating the position of the General Counsel on the legal and factual issues of the case. The defendants filed a response with the Commission dated April 25, 2011.

29.    After reviewing the information available, on February 7, 2012, the Commission voted 5-0 (with one Commissioner recused) to find probable cause to believe that Craig for U.S. Senate, Kaye L. O'Riordan (in her official capacity as treasurer of Craig for U.S. Senate), and Larry E. Craig violated 2 U.S.C. § 439a(b).  *See* 2 U.S.C. § 437g(a)(4)(A).

30.    The Commission notified all of the defendants of its February 7, 2012 findings by letter dated February 22, 2012, and, for a period of not less than 30 days, endeavored to correct

the violations through informal methods of conference, conciliation and persuasion.

*See* 2 U.S.C. § 437g(a)(4)(A).  Unable to secure acceptable conciliation agreements with the

defendants, on May 3, 2012, the Commission voted 5-0 (with one Commissioner recused) to

authorize filing this suit against defendants.  *See* 2 U.S.C. § 437g(a)(6).

31.     The Commission has satisfied all of the jurisdictional requirements in the Act that

are prerequisites to filing this action.

### FIRST CAUSE OF ACTION

32.     Paragraphs 1 through 31, inclusive, are incorporated herein by reference.

33.     Defendants Craig for U.S. Senate, Kay L. O'Riordan (in her official capacity as

treasurer of Craig for U.S. Senate), and Larry E. Craig disbursed more than $200,000 in Craig

for U.S. Senate funds to Sutherland, Asbill & Brennan and Kelly & Jacobson to pay for legal

fees and expenses incurred by Mr. Craig in connection with efforts to withdraw his guilty plea in

Minnesota in 2007 and 2008.  These disbursements converted the Craig Committee's funds to

personal use because they were not expenditures made in connection with Mr. Craig's campaign

for federal office and were not ordinary and necessary expenses incurred in connection with his

duties as a Senator.  The expenses Mr. Craig incurred in his efforts to withdraw his guilty plea

would have existed irrespective of his duties as Senator.

34.     By converting Craig for U.S. Senate funds to the personal use of Mr. Craig,

defendants Craig for U.S. Senate, Kay L. O'Riordan (in her official capacity as treasurer of Craig

for U.S. Senate), and Larry E. Craig violated 2 U.S.C. § 439a(b).

# PRAYER FOR RELIEF

WHEREFORE, plaintiff Federal Election Commission prays that this Court:

A.      Declare that defendants Craig for U.S. Senate, Kaye L. O'Riordan (in her official capacity as treasurer of Craig for U.S. Senate), and Larry E. Craig violated 2 U.S.C. § 439a(b) by converting more than $200,000 in Craig for U.S. Senate funds to the personal use of Larry E. Craig;

B.      Order defendant Larry E. Craig to disgorge to Craig for U.S. Senate an amount equal to the disbursements made by the Craig Committee for the personal use of Larry E. Craig;

C.      Permanently enjoin defendants Craig for U.S. Senate, (Kaye L. O'Riordan, in her official capacity as treasurer of Craig for U.S. Senate), and Larry E. Craig from converting Craig for U.S. Senate funds to the personal use of Larry E. Craig;

D.      Assess an appropriate civil penalty against each of the defendants:  for each violation not to exceed the greater of $6,500 or the amount of any contributions or expenditures involved, *see* 2 U.S.C. § 437g(a)(6)(B), 11 C.F.R. § 111.24(a)(2);

E.      Award plaintiff Federal Election Commission its costs in this action; and

F.      Grant the plaintiff Federal Election Commission such other relief as may be appropriate.

Respectfully submitted,

Anthony Herman
(D.C. Bar No. 424643)
General Counsel

David Kolker
(D.C. Bar No. 394558)
Associate General Counsel

Harry J. Summers
Assistant General Counsel

Robert W. Bonham III
(D.C. Bar. No. 397859)
Senior Attorney

Kevin P. Hancock
Attorney

June 11, 2012

FOR THE PLAINTIFF
FEDERAL ELECTION COMMISSION
999 E Street, N.W.
Washington, D.C. 20463
(202) 694-1650
(202) 219-0260 (facsimile)