**FILED**
**MAY 2 8 2015**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL ELECTION COMMISSION,

    Plaintiff,

v.

CRAIG FOR U.S. SENATE, *et al.*,

    Defendants.

Civ. No. 12-958 (ABJ)

STIPULATION AND ORDER

## STIPULATION AND ORDER

Larry E. Craig ("Craig" or "Defendant") and the FEDERAL ELECTION COMMISSION (the "FEC") hereby stipulate and agree as follows:

### Recitals

R.1   On September 30, 2014, the Court issued a memorandum of decision and order granting the FEC's motion for summary judgment.

R.2   The Court ordered (Docket No. 26) that Senator Craig "shall pay $242,535 to the United States Department of the Treasury, which consists of a disgorgement of the $197,535 unlawfully converted and a civil penalty of $45,000" (the "Judgment").

R.3   Defendants filed a timely notice of appeal with the United States Court of Appeals for the District of Columbia Circuit on November 24, 2014, Case Number 14-5297.

R.4   The Judgment is currently outstanding. In lieu of executing the Judgment, the FEC consents to Craig securing the Judgment pending the appeal process with a supersedeas bond pursuant to Federal Rule of Civil Procedure 62(d).

R.5   Craig hereby moves the Court for a stay of the Judgment by supersedeas bond pursuant to Rule 62(d) based on the Terms stated below. The FEC consents to that motion subject to the Terms stated below.

R.6   This Stipulation and Order shall remain in force and effect during the pendency of the stay under Rule 62(d).

## **Terms**

NOW THEREFORE, in consideration of the foregoing and the mutual covenants and agreements hereinafter set forth, and for other good and valuable considerations, the receipt and sufficiency of which are hereby acknowledged, Craig and the FEC hereby stipulate to the following:

1. Pursuant to Fed. R. Civ. P. 62(d), Craig hereby moves, and the FEC consents, for the Court to issue a stay of the Judgment pending appeal, and concurrently herewith (1) posts a cash bond of $45,000; and (2) submits the guarantee described below in Terms 3.a, 3.b, and 3.c.

2. Craig will take all steps necessary to ensure the cash bond is posted in compliance with all applicable Court orders, local rules of the Court, and the instructions of the Clerk of the Court.

3. In consideration of the FEC's consent to a stay pending appeal, Craig undertakes and agrees to the following, subject to his pending rights of appeal:

    a. Craig has provided a Thrift Savings Plan ("TSP") balance statement to the FEC;

    b. In order to guarantee the availability of funds to satisfy the Judgment, Craig will maintain an amount of no less than $350,000 in his TSP during such time that the Judgment (i) remains in force and effect and (ii) has not been satisfied, unless funds have been withdrawn from the TSP for the purpose of promptly and fully satisfying the Judgment at the conclusion of this litigation;

    c. If at any time, due to market conditions or events not involving the withdrawal of monies from the TSP by any person, the total amount in Craig's TSP falls below $350,000, Craig will notify the FEC within 10 days and shall notify the FEC of the balance every 20 days thereafter until the balance again equals or exceeds $350,000. In no event shall such decline in the account balance of the TSP be deemed a breach by Craig of this Stipulation.

4. By entering into this Stipulation, the FEC agrees and consents that the Judgment should be stayed pending the issuance of the mandate by the United States Court of Appeals for the District of Columbia Circuit following its adjudication of Craig's appeal and that the FEC will not seek to enforce the Judgment against Craig during the pendency of the stay of the Judgment.

5. The Judgment is hereby stayed under Rule 62(d) until such time as the stay is terminated pursuant to a further order of the Court or upon the issuance of the mandate by the United States Court of Appeals for the District of Columbia Circuit following its adjudication of Craig's appeal.

6. Once this stay has been terminated by further order of the Court or issuance of the mandate by the United States Court of Appeals for the District of Columbia Circuit following its adjudication of Craig's appeal, nothing in this Stipulation shall be construed to preclude the FEC from seeking to execute the Judgment, if outstanding, against any of Craig's assets or property, including but not limited to his TSP, to the extent permitted by applicable law.

IN WITNESS WHEREOF, the parties, individually or through their authorized representatives, have signed this Agreement on the date first indicated above.

| | |
|---|---|
| Lisa J. Stevenson<br>Kevin Deeley<br>Harry J. Summers<br>Robert W. Bonham, III<br><br>/s/ Kevin P. Hancock<br>Kevin P. Hancock<br>FEDERAL ELECTION COMMISSION<br>999 E Street, NW<br>Washington, DC 20463<br><br>Counsel for Plaintiff | /s/ Andrew D. Herman<br>Andrew D. Herman<br>Aiysha S. Hussain<br>MILLER & CHEVALIER CHARTERED<br>655 Fifteenth St., NW, Suite 900<br>Washington, DC 20005<br>Telephone: (202) 626-5800<br>Facsimile: (202) 626-5801<br><br>Stanley M. Brand<br>BRAND LAW GROUP, PC<br>923 Fifteenth St. NW<br>Washington, DC 20005<br>Telephone: (202) 662-9700<br>Facsimile: (202) 737-7565<br><br>Counsel for Defendants |

SO ORDERED.

DATED: 5/28/2015

HON. AMY BERMAN JACKSON
United States District Judge